**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KASHMIR LaJUAN BRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 2:06-CV-205 PS |
| v. | ) |
| | ) |
| TERRY EDWARD PAGE and | ) |
| THOMAS P. STEFANIAK, JR., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Kashmir LaJuan Bray, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. The Court will apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what

> would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Bray alleges that state trial judge Thomas P. Stefaniak, Jr. refused to allow him to withdraw his plea agreement and thereafter sentenced him to 30 years imprisonment. A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction. This is so even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Obviously, ruling on motions, accepting guilty pleas, and sentencing convicted prisoners are all within a state court's jurisdiction. In refusing to allow Bray to withdraw his plea of guilty, Judge Stefaniak was acting within his jurisdiction. Therefore, Stefaniak is immune and must be dismissed.

Mr. Bray alleges that Terry Edward Page, his public defender, did not properly represent him when he asked the court to deny his *pro se* motion to withdraw his guilty plea after informing him that the jury would believe and side with the child molestation victim and that the judge would sentence him to 66 or more years if he proceeded to a jury trial. A defense attorney, even an appointed public defender, does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Because Page did not act under color of state law, he cannot be sued under § 1983 and must be dismissed.

For the foregoing reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. 1915A.

**SO ORDERED.**

ENTERED: June 22, 2006

                                                s/ Philip P. Simon
                                                PHILIP P. SIMON, JUDGE
                                                UNITED STATES DISTRICT COURT